# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
# No. 5:09-CV-00504

| | |
|---|---|
| WILLIAM DAVID BOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT ORDER** |
| ) | |
| TOWN OF CARY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On November 19, 2009, William David Bowden (the "Plaintiff") commenced this action by verified complaint (the "Complaint") against the Town of Cary (the "Town") and filed a motion for a temporary restraining order to preserve the status quo between the parties pending a final determination on the merits by the United States District Court (the "Court") of the two claims asserted in the Complaint (the "Action").

On November 23, 2009, Chief Judge Flanagan held a telephonic conference with counsel of the parties. After the Court's telephonic conference, counsel for the parties worked together to address the Plaintiff's request to preserve the status quo between the parties pending a final determination by the Court of this Action and to propose a limited discovery plan as well as a schedule for completing

discovery and briefing the case for the Court's consideration of dispositive motions, including summary judgment. After discussion between counsel for the parties, the parties jointly propose the following order to the Court for the Court's consideration:

Upon consent of all parties, the Court orders as follows:

<u>Preservation of the Status Quo Until Final Determination</u>

1. In order to preserve the <u>status quo</u>, the Town will not take further enforcement action of any sort with regard to the existing sign shown and described in the Complaint (the "Sign") and Plaintiff shall not take any action with regard to the Sign until final determination by the Court of this Action (the "Consented Stay"). A Notice of Violation was delivered to Plaintiff on November 12, 2009, but no fines or other penalties of any sort have accrued so far, and no such fines or other penalties shall begin to accrue related to the Sign during the Consented Stay. No action shall be taken by Plaintiff related to or in connection with the Sign during the Consented Stay other than Plaintiff may seek to exhaust any rights or remedies Plaintiff may possess under local or state law in connection with the Sign or the dispute between Plaintiff and the Town, alleged in paragraphs 1 and 9 through 11 of the Complaint which underlies the Sign (the "Underlying Dispute"), or Plaintiff may remove the Sign. In the event Plaintiff seeks to exhaust any rights or remedies it may possess under local or state law related to

the Sign or the Underlying Dispute, the Town may, in its discretion, respond and defend such proceedings. The scope of the Consented Stay relates solely to the Sign, the two claims of the Complaint, and current or future enforcement actions undertaken by the Town related to the Sign. The Consented Stay is entered without prejudice to either party and does not restrain either party in any manner other than preserving the status quo related to the Sign.

2. Upon entry of the Consented Stay, Plaintiff's pending motions for a temporary restraining order and preliminary injunction shall be moot and are withdrawn.

## Plan for Abbreviated and Limited Discovery

3. The parties shall have 60 days from the entry of this order in which to complete discovery. Plaintiff intends to serve (1) a single request for production of documents on the Town requesting all documents, including but not limited to written and electronic communications, from, to or between Town employees, agents, and representatives regarding the Sign; (2) a single set of written interrogatories of no more than 25 questions on the Town inquiring to the extent to which any possible alternative signs are visible or otherwise communicative and inquiring about communications from, to or between Town employees, agents, and representatives regarding the Sign; and (3) to conduct up to a total of two depositions regarding oral communications from, to or between

Town employees, agents and representatives regarding the Sign. The Town intends (1) to serve a single request for production of documents on the Plaintiff requesting all documents, including but not limited to written and electronic communications, regarding the facts and matters alleged in the Complaint, (2) to conduct up to a total of two depositions and (3) to serve no more than two sets of requests for admission on the Plaintiff totaling no more than 25 requests. No further or other formal discovery shall be permitted without permission of the Court. This paragraph does not modify the scope or rules of discovery for the matters sought by the parties or require the disclosure of any communication or document protected by the attorney-client privilege, work product doctrine, or other protection recognized by law. The parties need not exchange the initial disclosures outlined by Fed. R. Civ. P. 26(a).

4. At this time the parties and the Court agree that alternative dispute resolution, as provided for by Local Civil Rule 101, is not appropriate for this case. This Action is therefore exempted from the alternative dispute resolution provisions of the local rules.

Pleadings and Dispositive Motions including Summary Judgment

5. Plaintiff shall not amend the Complaint and the Town shall file its Response to the Complaint within 30 days of the entry of this Order. The Town's Response may include grounds for dismissal such as, but not limited to, lack of

subject matter jurisdiction or abstention; however, no such grounds for dismissal or abstention shall be considered by the Court until discovery is complete. To this end, neither party shall be required to brief any such dispositive matters until discovery is complete.

6. The parties shall have 45 days from the close of discovery in which to file dispositive motions, including motions for summary judgment. A party shall have 30 days from the other party's filing of a dispositive motion in which to respond, and the moving party shall then have 14 days in which to reply.

General Provision

7. In consenting to this Order, neither party waives any claims or defenses in connection with Action, the Sign or the Underlying Dispute. The Town's consent to this Order does not revive or extend any rights or remedies possessed in the past, now or in the future against Plaintiff under local or state law in connection with the Sign or the Underlying Dispute. Likewise, Plaintiff's consent to this Order does not prejudice any rights or remedies Plaintiff may possess now or in the future under local or state law in connection with the Sign or the Underlying Dispute.

This the 11th day of December, 2009.

_____
Louise W. Flanagan
Chief United States District Judge

CONSENTED TO:

/s/ Mark R. Sigmon
Mark R. Sigmon
NC Bar No. 37762
GRAEBE HANNA & WELBORN, PLLC
4350 Lassiter at North Hills Ave.,
Suite 375
Raleigh, NC 27609
Telephone: (919) 863-9094
Facsimile: (919) 863-9095
Email: msigmon@ghwlawfirm.com

*Cooperating Attorney for the American Civil Liberties Union of North Carolina Legal Foundation

Katherine Lewis Parker
NC Bar No. 36263
Legal Director, American Civil Liberties
    Union of North Carolina Legal
    Foundation
Post Office Box 28004
Raleigh, North Carolina 27611
Telephone: (919) 834-3466
Facsimile: (866) 511-1344
Email: acluncklp@nc.rr.com

*Counsel for Plaintiff David Bowden*

/s/ John C. Cooke
John C. Cooke, NC Bar No. 8229
WOMBLE CARLYLE SANDRIDGE &
    RICE, PLLC
Post Office Box 831
Raleigh, North Carolina 27602
Telephone: (919) 755-2192

Facsimile: (919) 755-6083
Email: jcooke@wcsr.com

*Attorney for Defendant Town of Cary*